IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERRENCE RAINEY,      )
                      )
      Plaintiff,      )
                      )
v.                    )     NO. 3:20-cv-00771
                      )
CORECIVIC, INC., et al.,      )     JUDGE RICHARDSON
                      )
      Defendants.      )

## MEMORANDUM OPINION

Before the Court is a pro se complaint for alleged violation of civil rights, filed pursuant to

42 U.S.C. § 1983 by Plaintiff Terrence Rainey, an inmate of the Trousdale Turner Correctional

Center (TTCC) in Hartsville, Tennessee. Plaintiff has also filed an application to proceed in forma

pauperis (Doc. No. 2), which the Court will grant by separate Order.

Within a month of filing his original complaint (Doc. No. 1), Plaintiff filed three amended

complaints (Doc. Nos. 4, 8, 12), a motion for appointment of counsel (Doc. No. 5), two motions

for discovery (Doc. Nos. 7, 10), and two proposed orders directing Defendants to show cause why

Plaintiff should not be awarded injunctive relief (Doc. Nos. 6, 11).

The case is now before the Court for an initial review pursuant to the Prison Litigation

Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## INITIAL REVIEW OF THE COMPLAINT

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is

facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

2

## II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## III. ALLEGATIONS AND CLAIMS

Although Plaintiff was not at liberty to amend his complaint a second or third time without Court approval, *see* Fed. R. Civ. P. 15(a) (providing for amendment "once as a matter of course" within timeframe set by rule, but otherwise "only with the opposing party's written consent or the court's leave"), given Plaintiff's pro se status the Court will conduct its initial review of the complaint's most recent iteration, filed on October 5, 2020 (hereinafter, "the amended complaint"). (Doc. No. 12.)

In the amended complaint, Plaintiff alleges that on August 13, 2020, after being escorted from recreation to his cell by Officer Hernandez, he was assaulted by Hernandez during the process of removing the handcuffs from Plaintiff's wrists. (*Id.* at 4.) He alleges that Hernandez removed the handcuffs, "and the[n] cuffed them back." (*Id.*) Then, while Plaintiff attempted to get another officer's attention "to ask him a question," Hernandez "began twisting and pulling the handcuffs." (*Id.* at 5.) Plaintiff "began screaming and exhibited great pain," and though he repeatedly asked Hernandez to stop, Hernandez "refused to stop twisting [his] arm and wrist in the handcuffs." (*Id.*) Hernandez also refused to comply with the request of another officer to give him the handcuffs.

(*Id.*) Plaintiff alleges that, as a result of Hernandez's actions, he "was assaulted, battered, and tortured, and was injured." (*Id.* at 6.) He allegedly "suffered humiliation, embarrassment, pain, nightmares, headaches, adjustment problems, mental distress, mental anguish, anxiety, and insomnia" as a result of this incident. (*Id.*)

Plaintiff sues Hernandez, TTCC Warden Raymond Byrd, and CoreCivic, Inc., the private corporation that employs these individuals and operates TTCC pursuant to contract with the state. He claims that his treatment by Hernandez violated his right to due process; that being subjected by "two or more employees of Defendant CoreCivic" to "a humiliating beating while handcuffed" amounts to a conspiracy to violate his civil rights; and, that these events demonstrate inadequate training, supervision, and control of subordinates by Defendants Byrd and CoreCivic. (*Id.* at 5–10.) Plaintiff also asserts state law claims for assault and battery, as well as the intentional and negligent infliction of emotional distress. (*Id.* at 10–13.)

As relief, Plaintiff demands an award of compensatory and punitive damages. (*Id.* at 13.)

IV. ANALYSIS

Although Plaintiff asserts that Hernandez violated his right to due process in manipulating the handcuffs in order to inflict pain (or despite the infliction of pain), the allegations of the amended complaint are more properly construed under the Eighth Amendment, as an excessive-force claim. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (declining to consider substantive due process as an alternative to "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, [and] serves as the primary source of substantive protection to convicted prisoners . . . where the deliberate use of force is challenged as excessive and unjustified"); *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) ("[T]he Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by

4

convicted criminals serving their sentences."). In considering such claims, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In addition to this subjective inquiry, there is also an objective component to Eighth Amendment excessive-force claims, which requires the pain inflicted to be sufficiently serious. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). However, the Court may not apply a "de minimis injury" test to such claims, as "the judicial inquiry should focus on 'the nature of the force rather than the extent of the injury.'" *Williams*, 631 F.3d at 384 (quoting *Wilkins*, 559 U.S. at 34).

Plaintiff alleges that Hernandez twisted and pulled the handcuffs, refusing to stop despite Plaintiff's pleas and the fact that he was "screaming and exhibited great pain." (Doc. No. 12 at 5.) Plaintiff alleges that this use of force occurred within his cell, apparently in response to his attempt to get the attention of another officer. (*Id.*) Taking these allegations as true and construing them in Plaintiff's favor, as the Court must at this initial stage, they are sufficient to state a colorable claim that Hernandez inflicted an objectively serious level of pain by using force "maliciously and sadistically to cause harm." *See Wilkins*, 559 U.S. at 37.

However, the complaint fails to state a colorable claim for inadequate training, supervision, and control of subordinates by Defendants Byrd and CoreCivic. Section 1983 liability cannot be predicated upon a *respondeat superior* theory, or upon a supervisor's mere failure to act. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "In other words, a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Id.* (citing

5

*Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Rather, a "failure to supervise, control or train the offending individual" is only actionable if "the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it" by "at least implicitly" authorizing, approving, or knowingly acquiescing in the misconduct. *Id.* at 242 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff does not allege any facts to demonstrate that Warden Byrd actively participated or acquiesced in Hernandez's infliction of harm upon him, despite claiming that the incident was the object of a conspiracy. Rather, he alleges that Warden Byrd, "in the exercise of due diligence, should have k[n]own of" Hernandez's history of abusive behavior and, in light of that history, failed to train, supervise, or control him appropriately. (Doc. No. 12 at 8.) Under the authorities cited above, these allegations are insufficient to state a viable Section 1983 claim against Warden Byrd.

Likewise, a corporate entity such as CoreCivic cannot be held liable under Section 1983 on a theory of *respondeat superior* or vicarious liability, but only upon allegations that the execution of a specific corporate policy or custom caused the harm complained of. *Welch v. CoreCivic Inc.*, No. 3:17-cv-01516, 2018 WL 5808728, at *1 (M.D. Tenn. Nov. 6, 2018) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)). Plaintiff does not allege that the harm inflicted by Hernandez resulted from any particular CoreCivic policy or custom concerning the use of restraints. Instead, he broadly alleges that Hernandez's use of force was enabled by a general CoreCivic "policy, practice, or custom of deliberate indifference to discipline and training." (Doc. No. 12 at 8.) This conclusory allegation of corporate indifference to proper discipline and training fails to support any plausible Section 1983 claim against CoreCivic. *See Johnson v. City of Chicago*, 711 F. Supp. 1465, 1472 (N.D. Ill. 1989) (stating that § 1983 "plaintiff must also plead facts to support his general allegations that it is indeed the policy of the [entity] to inadequately

6

train its officers") (citing *Strauss v. City of Chicago*, 760 F.2d 765, 769 (7th Cir. 1985) (conclusory allegation that entity has a policy of knowingly acquiescing in individual officer's brutality is insufficient to establish liability)).

## **CONCLUSION**

For the reasons set forth above, the Court finds that the complaint states a colorable excessive-force claim against Defendant Hernandez, which will proceed for further development. Defendants Byrd and CoreCivic, Inc., will be dismissed from this action.

An appropriate Order will enter.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE