IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRENCE RAINEY | ) | |
| | ) | |
| v. | ) | NO. 3:20-00771 |
| | ) | |
| CORECIVIC, INC, et al. | ) | |

**TO:   Honorable Eli Richardson, District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 19, 2020 (Docket Entry No. 15), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Terrence Rainey ("Plaintiff") is a former inmate of the Tennessee Department of Correction ("TDOC") who was confined at the Trousdale Turner Correctional Center ("TTCC") at the time he filed this *pro se* and *in forma pauperis* lawsuit on September 8, 2020.[1] He seeks relief under 42 U.S.C. § 1983 based upon claims that prison officials violated his constitutional rights at the TTCC. Upon initial review, the Court found that Plaintiff stated an arguable constitutional claim against a single defendant, Officer f/n/u Hernandez, and directed that

---

[1] On April 6, 2021, Plaintiff filed a change of address notice, stating that he was being released from incarceration and providing a non-institutional mailing address. *See* Docket Entry No. 19).

1

process issue in the case to Hernandez upon Plaintiff's return to the Clerk of a completed service packet.[2]

Because Plaintiff did not promptly return a service packet as directed, the Court advised Plaintiff that the action would be recommended for dismissal unless he returned a completed service packet or showed good cause for why the action should not be dismissed. *See* Order entered January 6, 2021 (Docket Entry No. 16). Although Plaintiff thereafter returned a completed service packet and process was issued, process was returned unexecuted on or about February 22, 2021, with a notation that Hernandez no longer worked at the Trousdale Turner Correctional Center, the address provided by Plaintiff for the summons. *See* Docket Entry No. 18.

By Order entered May 25, 2021 (Docket Entry No. 20), Plaintiff was advised of the unexecuted service of process and advised that a recommendation for the dismissal of the case would be entered unless, no later than June 21, 2021, he provided a new address for service of process upon Defendant Hernandez or showed good cause for why the action should not be dismissed for failure to have the defendant served with process. To date, Plaintiff has not made any type of response to the Court's May 25, 2021, Order or taken any steps to have Defendant Hernandez re-served with process.

Rule 4(m) requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendant Hernandez has not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

---

[2] The Court dismissed other claims brought by Plaintiff. *See* Docket Entry No. 15 at 3.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to respond to the Court's May 25, 2021, Order indicates that he has lost interest in this lawsuit.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge